**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HEKMAT LAW GROUP**
Joseph M. Hekmat, Esq. (SBN: 265229)
11111 Santa Monica Blvd., Suite 1700
Los Angeles, CA 90025
Telephone: (424) 888-4529
Facsimile: (424) 270-0242

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN BRODETSKY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNC BROKERAGE, INC.,<br><br>Defendant. | Case No.: 2:20-cv-04297<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. ALLEN BRODETSKY ("Mr. Brodetsky" or "Plaintiff"), brings this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SYNC BROKERAGE, INC., ("Sync Brokerage" or "Defendant") and its related entities, subsidiaries and agents, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), thereby invading Plaintiff's privacy.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b).

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b), because Plaintiff resides in this district, the events giving rise to Plaintiff's causes of action against Defendant occurred within this district and Defendant conducts business in the County of Los Angeles.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the County of Los Angeles, City of Tarzana, in the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Sync Brokerage is, and at all times mentioned herein was, a corporation whose principal place of business is located at 22020 Clarendon Street, Suite 200, Woodland Hills, California, 91367.

7. Upon information and belief, the website for Defendant is www.syncbrokerage.com.

8. Sync Brokerage is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(39).

9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California and in the County of Los Angeles.

## FACTUAL ALLEGATIONS

10. Beginning in or around August of 2019 through approximately April of 2020, Plaintiff received text messages on his cellular telephone ending in "0831" from short message script ("SMS") 484-848.

11. Upon information and belief, short message script 484-848 is registered to and/or regularly used by Defendant.

12. To date, Plaintiff has received at least 15 text messages from Defendant.

13. At least some of the text messages invited Plaintiff to call telephone numbers (818) 614-4380, (818) 239-6270, or (818) 770-3660.

14. At least one of the text messages requested that Plaintiff "Join #SYNC, the Pioneers of the new era in Real Estate, where massive office space and agent quantity does not define quality."

15. At least some of the text messages advertised of real estate open houses.

16. At least one of the test messages included the web link "http://tapit.us/yJp1p".

17. At least one of the test messages included the web link "http://tapit.us/teRsx".

18. Upon information and belief, nearly all of the text messages were an effort to solicit Defendant's business.

19. These text messages were unwanted by Plaintiff.

20. The text messages did not advise Plaintiff of the ability to stop receiving text future messages by texting "Stop" or similar term.

21. Upon information and belief, Defendant obtained Plaintiff's cell phone number from a source other than Plaintiff.

22. Plaintiff did not provide consent for Defendant to send these text messages Plaintiff's cellular telephone at any point in time, pursuant to 47 U.S.C. § 227(b)(1)(A).

23. Upon information and belief, the SMS text messages were sent using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

24. Upon information and belief, the SMS text messages were sent using equipment that had the capacity to, and does, automatically dial a stored list of telephone numbers.

25. Upon information and belief, the SMS text messages were sent using equipment that can sent text messages *en masse* in a short period of time.

26. These SMS text messages made by Defendant or its agents were sent in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Classes").

28. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who received any text messages from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

29. Plaintiff represents, and is a member of, the Sub-Class, consisting of:

> All persons within the United States who received any text messages from Defendant or its agent/s and/or employee/s to said person's cellular telephone sent using short message script 484-848 within the four years prior to the filing of the Complaint.

30. The Class and Sub-Class are jointly referred to as the Classes.

31. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the members of the Classes number in the hundreds, if not substantially more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

32. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the members of the Classes via their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the members of the Classes were damaged thereby.

33. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class and Sub-Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

34. The joinder of the members of the Classes is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual members, of the Classes including the following:

    a. Whether, within the four years prior to the filing of the Complaint, Defendant sent any text messages (other than a call made for emergency

      purposes or made with the prior express consent of the called party) to members of the Classes using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

  b. Whether the text messages constitute telemarketing requiring prior express written consent;

  c. Whether Defendant sent any non-confirmatory text messages after having received a request from the consumer for text messages to cease;

  d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  e. Whether Defendant should be enjoined from engaging in such conduct in the future.

36. As a person that received at least one text message using an automatic telephone dialing system, without Plaintiff's prior express written consent, including after having revoked any consent that may have existed, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Classes.

37. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

38. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

39. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply

with the law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class and Sub-Class as a whole.

## FIRST CAUSE OF ACTION

**NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

41. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

45. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

//

//

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and each member of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the members of the Classes the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ*.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks for himself and the Class injunctive relief prohibiting such conduct in the future.
- Costs of suit;
- Reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine.
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ*.**

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks for himself and the Class injunctive relief prohibiting such conduct in the future.
- Costs of suit;
- Reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: May 12, 2020

**KAZEROUNI LAW GROUP, APC**

By: /s Abbas Kazerounian
ak@kazlg.com
Abbas Kazerounian
*Attorneys for Plaintiff*